IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE ARMBRISTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-841-G-BN |
| | § | |
| ARIANA VELAZQUEZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Brooke Armbrister, has filed this *pro se* action against an employee of Child Protective Services ("CPS") and her supervisor. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant Armbrister leave to proceed *in forma pauperis* for the purpose of screening her complaint and dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Applicable Background**

Armbrister claims to be a federal agent working undercover. *See* Dkt. No. 3 at 2 ("[A]nyhow, I should let you know, I am working with the FBI in Downtown Dallas and Washington D.C., and the Federal Government with the IRS-CI for a secret investigation of identity. They have been with me since 02/2017, and under FISA since

the last 2017, and they can hear, and see everything I do under AI [Artificial Intelligence], they also screen my phone and emails and are first hand witnesses to everything because it's necessary for this investigation."). She further claims that, on April 2, 2018, a CPS investigator came to speak with her about her children. *See id.* By speaking with her, Armbrister claims that the investigator violated HIPPA, "because [the investigator] is working with [a] foreign agency, and asked me about my mental health, and medication prescribed temporarily because the FBI needed to speak with me in private and used FISA by which I had no idea what it was or who and it scared me, I laugh about it now, but the truth is this is how I speak [to] many important people." *Id.*; *see also id.* ("The prescription and events surrounding it were just a mishap in communication so that I could take my rightful place with the investigation and cooperate to their concerns, needs, and obligations. The medication that she's trying to use as her evidence to prove that I am inept is baseless – because it's not necessary the voices are law enforcement, and the Federal Reserve Bank in Chicago.").

It appears, in sum, that, through this action, Armbrister seeks a court order to prevent CPS from further contacting her. *See id.* at 2, 3 ("I invoked Natural Law, and I am a Foreign Principal to the United States of America, thus a foreign diplomat, I am a Native to the land, of the Mohican Tribe – and of Iesus bloodline – this is a part of the reason the FBI has [me and my children] under secret protection. ... Ariana Velasquez, agent for CPS investigative worker, does not have permission to contract with me, nor contact me at all, and forever, because I have rights that the Federal Government acknowledges and the State Must adhere as well.").

## Legal Standards and Analysis

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual*

allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam; emphasis added by *Smith*)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

As demonstrated in the excerpted representative factual allegations, Armbrister's complaint lacks a logical set of facts that supports a claim for relief. Her allegations also lack facts that show that the claims asserted have substantive plausibility.

## Recommendation

The Court should grant Plaintiff Brooke Armbrister leave to proceed *in forma pauperis* and summarily dismiss the complaint with prejudice for the reasons set out above.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 9, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE